**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| WANDA BYRON, | ) |
| | ) |
| Plaintiff, | ) Case No: |
| | ) |
| v. | ) Judge: |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
| and SYNCHRONY BANK, | ) |
| | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT**

Wanda Byron ("Plaintiff") brings this action on behalf of herself against defendants Experian Information Solutions, Inc. ("Experian"), and Synchrony Bank ("Synchrony") (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

6. Plaintiff is a natural person who resides in Brevard County, Florida.

7. Defendant Experian is a corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent is C T Corporation System 1200 South Pine Island Rd., Plantation, FL 33324.

8. Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

9. Defendant Synchrony is a consumer financial services company and has an installment lending program with Yamaha Motor Corporation, U.S.A. ("Yamaha"). Synchrony provides consumer financing through Yamaha's dealers nationwide. Synchrony's headquarters is listed as PO Box 960013, Orlando, Florida 32896. Synchrony's head office branch is located at 170 West Election Road, Suite 125, Draper, Utah 84020.

10. Synchrony is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

11. Defendants regularly conduct business in Florida.

## FACTS

12. In 2016, Plaintiff jointly financed an all-terrain vehicle (ATV) from Yamaha with LT Jones.

13. Plaintiff and LT Jones made monthly payments to Yamaha, and then were required to start sending their monthly payments to Synchrony Bank.

14. LT Jones brought the ATV to a Yamaha dealer for repairs. The repairs were too costly to make. As a result, Plaintiff and LT Jones stopped making payments to Synchrony Bank.

15. The last payment made was December 12, 2018.

16. The ATV was subsequently repossessed and sold.

17. Synchrony Bank sent a 1099-C addressed to Plaintiff's name and social security number (but to the wrong address). The 1099-C was dated March 13, 2022. The "amount of debt discharged" was $13,384.72. The "identifiable event code" listed is Code G. Code G states "A discharge of indebtedness pursuant to a decision by the creditor … to discontinue collection activity and discharge debt." 26 CFR 1.6050P-1 (b)(2)(i)(G).

18. Around January 2023, Plaintiff began the process to obtain a mortgage.

19. Plaintiff has excellent credit other than Synchrony lists a charge off for the Yamaha account as well as a $14,177 balance owed with a $14,177 past due amount on Plaintiff's Experian credit file.

20. As of this filing, Plaintiff's Equifax credit file does not report the Synchrony/Yamaha account at all. Plaintiff's Trans Union credit file does report the Synchrony/Yamaha account. But Trans Union correctly reports a $0 balance owed and a $0 past due amount.

21. As of May 2023, Experian's erroneous reporting of the Synchrony/Yamaha account has caused Plaintiff's Experian credit score to be 100 points lower than her Equifax and Trans Union credit scores.

22. As of the filing of this Complaint, Experian's erroneous reporting of the Synchrony/Yamaha account is the sole reason Plaintiff cannot move forward with a mortgage.

23. In March 2023, Plaintiff sent a dispute letter to Experian that included the 1099-C and stated that the Synchrony/Yamaha account should report a $0 balance as Synchrony discharged the debt and stopped collection activity.

24. Experian received Plaintiff's dispute on March 10, 2023; tracking 7022-0410-0002-5747-7826.

25. On information and belief, and pursuant to the FCRA, Experian forwarded Plaintiff's March 2023 dispute letter to Synchrony Bank so that Synchrony Bank could investigate Plaintiff's claim of inaccuracy on her credit file.

26. In March 2023, Plaintiff also sent similar dispute letters to Equifax and Trans Union. Those letters were received on March 16 and March 11, 2023 respectively. On information and belief, those letters were sent to Synchrony bank, pursuant to the FCRA, for Synchrony Bank to investigate Plaintiff's claim of inaccuracy on her credit file.

27. Plaintiff did not hear back from Equifax, Experian, or Trans Union.

28. But Plaintiff accessed her Equifax, Experian, and Trans Union credit file on May 18, 2023. Plaintiff learned that Experian is the only credit reporting agency still reporting the Synchrony/Yamaha account erroneously.

29. Experian erroneously reports that Plaintiff owes $14,177 on the Synchrony/Yamaha account ($792 more than the charged off amount). That is wrong as Synchrony

discharged that debt and stopped collection activity in March 2022.

30. Experian erroneously reports that the Synchrony/Yamaha account is not in dispute. Plaintiff does dispute the Synchrony/Yamaha account.

31. Experian erroneously reports that Plaintiff is $14,177 past due on the Synchrony/Yamaha account. That is wrong as Synchrony discharged the debt and stopped collection activity in March 2022.

32. Experian also notes that the "unpaid balance reported as a loss by the credit grantor." This statement contradicts Experian's own reporting that Plaintiff has a past due amount and a current balance owed of $14,177.

33. Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, Synchrony and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and erroneous items from Plaintiff's credit file.

34. Upon information and belief Synchrony and Experian failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

35. The Defendants' actions have damaged Plaintiff financially. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

36. Plaintiff was denied a mortgage because of this error. And—to date—Plaintiff cannot obtain a mortgage until her Experian credit file is rectified.

37. Plaintiff's privacy has been invaded as third parties have received Plaintiff's Experian credit report that contains erroneous information.

38. Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

   i. Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

   ii. Time and expense of pulling/reviewing credit reports;

   iii. Believing that the errors may continue to be reported inaccurately and misleadingly through no fault of Plaintiff's and have a chilling effect on Plaintiff's ability to obtain credit;

   iv. Adverse information on credit reports and a negative impact to credit rating;

   v. An inability to improve credit score during the dispute process;

   vi. Invasion of privacy;

   vii. A lower credit score; and

   viii. Having to hire attorneys to combat the improper credit reporting.

### Count I – Experian
### FCRA §§ 1681e(b) and 1681i

39. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

40. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

41. Experian is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

6

42. Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

43. Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's many disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b. failing to delete the erroneous items from Plaintiff's Experian credit file within the 30-day period of receiving Plaintiff's many disputes, in violation of § 1681i(a)(1);

   c. failing to provide Plaintiff's disputes to the companies that provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

   d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

   e. failing to properly delete items of disputed information from Plaintiff's credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

44. These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and

punitive damages in an amount to be determined by the Court pursuant to § 1681n.

45. In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

### Count II – Synchrony
### FCRA—Failure to investigate

46. Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

47. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Synchrony receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Synchrony] shall conduct an investigation with respect to the disputed information."

48. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Synchrony receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Synchrony] shall review all relevant information provided by the consumer reporting agency…"

49. Synchrony failed to fully and properly investigate Plaintiff's many disputes relating to Plaintiff's Synchrony/Yamaha account.

50. Synchrony failed to review all relevant information provided by Equifax, Experian, or Trans Union relating to Plaintiff's disputes.

51. Synchrony's conduct, action, and inaction was willful, or, in the alternative, negligent.

52. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Synchrony's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against all Defendants jointly and severally;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction of Plaintiff's credit reports; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Respectfully submitted,

Dated: May 30, 2023          */s/ Ryan M. Schmidt*

Ryan M. Schmidt (FL Bar number 95731)
Coats Schmidt, P.A.
4055 Central Avenue
St. Petersburg, Florida 33713
Tel: (727) 456-4462
Fax: (727) 456-4463
ryan@coats-schmidt.com

James M. Smith (*pro hac vice* application to come)
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, IL 60462
Tel: (708) 645-8824
Fax: (312) 319-4084
jsmith@dohertysmith.com

*Counsel for Plaintiff*

## **VERIFICATION**

Plaintiff Wanda Byron declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Brevard County, Florida.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Florida that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 5/27/2023

*Wanda Byron*
ID GwzdEKNLVLqayKSDwUzA4PBr

/s/ Wanda Byron, Plaintiff

## eSignature Details

**Signer ID:**     **GwzdEKNLVLqayKSDwUzA4PBr**
Signed by:         Wanda Byron
Sent to email:     wbmathis@gmail.com
IP Address:        107.167.205.58
Signed at:         May 27 2023, 11:18 am CDT

Case 6:23-cv-01112-PGB-DCI     Document 1     Filed 06/13/23     Page 11 of 11 PageID 11